# EXHIBIT A

**Gill & Chamas, L.L.C.**
*By: WALTER DANA VENNEMAN (#023901997)*
655 Florida Grove Road
P.O. Box 760
Woodbridge, New Jersey 07095
732-324-7600
732-324-7606 (fax)
*Attorneys for Plaintiff*

| | |
|---|---|
| **S.D.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY |
| Plaintiffs,<br>vs. | DOCKET NO.: SOM-L- |
| **COSTCO WHOLESALE, INC.;**<br>**ANDREW SLOAN, INDIVIDUALLY,**<br>**AND ABC CORPS (I --V); AND JANE**<br>**AND JOHN DOE INDIVIDUALS (1 – 10)** | Civil Action<br><br>**COMPLAINT** |
| Defendants. | |

The Plaintiff, S.D. residing in Warren, County of Somerset, State of New Jersey by way of

his Complaint against the Defendants, states the following:

**FIRST COUNT**

1.      Plaintiff, S.D. is an individual residing in Warren, New Jersey.

2.      The defendant, Costco Wholesale, Inc., (hereinafter, "Costco") is a corporation

authorized to do business in the State of New Jersey, with multiple locations within the State of

New Jersey including the Costco store located at 1290 U.S. 22 #22E, North Plainfield, New Jersey,

07060, County of Somerset.

3.      On or about March 23, 2020, plaintiff S.D. filed an electronic application on

defendant Costco's website to become employed.

4.      On or about March 23, 2020, defendant notified plaintiff, S.D. to appear for a hiring

interview on March 26, 2020 at its 1290 U.S. 22 store.

5.     Plaintiff went to the interview on March 26, 2020.

6.     Defendant's representative, "Jason" conducted an interview, toured plaintiff, S.D. through the building, introduced him to a shift manager, and concluded the interview by telling plaintiff, S.D. that he was "perfect" for a specific position in the grocery department – a 3 am – late morning shift.

7.     Defendant's representative, "Jason" told plaintiff, S.D. that he would not be operating machinery, rather, general restocking and pushing carts.

8.     Other representatives of Defendant, then introduced themselves to plaintiff, S.D. and represented that he is "all set".

9.     Defendant's hiring manager/employer representative, "Jason" then directed plaintiff, S.D. to go back to the waiting area where he would submit to a drug test.

10.     Before following this instruction, plaintiff, S.D. disclosed to "Jason" that he was on a medication that might cause him to be "positive" and presented his current New Jersey Department of Health, Medicinal Marijuana Program (Patient) Identification Card (hereinafter, Medical Marijuana card).

11.     At the time of his application to Defendant, plaintiff, S.D. suffered from a medical disability and was a participant in the New Jersey Jake Honig Compassionate Use of Medical Cannabis Act.

12.     After presenting his Medical Marijuana card, "Jason" and two (2) other of defendant's hiring representatives then present, went offer separately to confer.

13.     Upon return, "Jason" told plaintiff, S.D. that in order to be hired he had to take the test, and that if he was "positive" he would not be hired.

14.     Defendant's representative "Jason" nevertheless encouraged plaintiff, S.D. to take the drug screen and said, "sometimes people passed".

15.     Plaintiff, S.D., very much wanting to become employed with Costco, submitted to defendant's drug screener and collector and provided a buccal swab.

16.     Defendant's representatives told plaintiff, S.D. that his sample was positive and that he would not be hired.

17.     Plaintiff exited defendant's store and returned several minutes later with a digital copy of the State of New Jersey Conscientious Use of Medical Cannabis Act (hereinafter "Jake Honig Act") and told defendant's representative that their decision was against the law.

18.     Defendant's hiring team, managers, and/or authorized representatives considered the Jake Honig Act in front of plaintiff, S.D., and then privately.

19.     Defendant's hiring team, managers, and/or authorized representative, then told plaintiff, S.D. that "there was another way" – and next directed plaintiff, S.D. to provide a urine sample at defendant's third-party laboratory and further advised plaintiff, S.D. that the "doctor is able to make the call" on whether to hire.

20.     On or about March 27, 2020, plaintiff, S.D. submitted to a urinalysis, subsequently contacted the lab, and a doctor at the lab told him only that he could not be hired due to Defendant Costco's policy.

21.     At no time did defendant Costco engage in any meaningful discussion with plaintiff, S.D. to determine whether his disability and participation in the Medical Marijuana program could be accommodated.

22.    One or more of Defendant's representatives failed to ensure that plaintiff, S.D.'s rights under the laws of the State of New Jersey were protected.

23.    Defendant Costco is and was an "employer" within the State of New Jersey and is and was required to abide by the state laws which prohibit adverse hiring determinations and work place discrimination, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

24.    The defendant Costco, as an employer within the State of New Jersey, was compelled to treat all potential employees, and employees, fairly, equally, without discrimination, and were required to obey and follow the laws of the State of New Jersey, including specifically those laws which prohibit discrimination in hiring and disability discrimination in the workplace, and those laws that require reasonable accommodations, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

25.    As a direct result of the unlawful actions of the defendant and its employees, violation of the laws of the State of New Jersey, such as but not limited to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq, plaintiff has been deprived of her salary, benefits, financial security, loss of enjoyment of work, suffered and continues to suffer compensatory and pecuniary damages and losses, emotional distress, anxiety, sleeplessness, humiliation, embarrassment, nervous anguish, mental and emotional upset, and has had his civil rights violated.

**WHEREFORE**, the plaintiff demands judgment against the defendant Costco, and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

A.  Instatement;

B.  Compensatory damages;

C.  Punitive damages;

D.  Attorney's fees and costs;

E.  All other relief permitted by the New Jersey Law Against Discrimination;

F.  Together with interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and incorporates herein the allegations of the First Count herein as if set forth in full.

2.      The defendant Costco, as an employer within the State of New Jersey, was compelled to uphold the public policies of the State of New Jersey, to understand and properly apply the State's laws, including but not limited to the New Jersey Conscientious Use of Medical Cannabis Act, codified at C. 24:6I-1 et seq. and to treat all potential employees with dignity and respect, and without stigma.

3.      Even after plaintiff, S.D. showed Defendant Costco the Jake Honig Act, Defendant Costco intentionally decided not to hire plaintiff, S.D. solely because of his participation in the Medical Marijuana program.

4.      As a result of Defendant Costco's violation of public policy and law, plaintiff S.D. was caused to suffer great embarrassment, emotional distress and stigma.

**WHEREFORE**, the plaintiff demands that defendant Costco in New Jersey be enjoined from continuing this unlawful, stigmatizing and discriminatory practice and for judgment against the defendants and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative for PUNITIVE DAMAGES, compensatory damages, attorney's fees and costs, enjoinment of the discriminatory practice, costs of suit and any other equitable remedy

### THIRD COUNT

1.     Plaintiff repeats and incorporates herein the allegations of the First Count and Second Count as if set forth in full.

2.     Defendant Costco, and its supervisors, agents, and/or employees, did participate in, aid, abet, further, advance and/or conspire to engage in one or more of the discriminatory and unlawful practice(s) alleged in the first and second counts of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and other state laws as the facts may show.

3.     ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), did participate in, aid, abet, further, advance and/or conspire to engage in one or more of the discriminatory and unlawful practice(s) alleged in the first two counts of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and other state laws as the facts may show.

4.      Jane Doe and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) did participate in, aid, abet, further, advance and/or conspired to engage in one or more of the discriminatory practice(s) alleged in the first three counts of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and other state laws as the facts may show.

5.      Defendant Costco, as well as ABC Corps 1 – V, (said names of corporations being fictitious, correct names currently unknown to plaintiff),and Jane and John Doe Individuals (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) engaged in conspiratorial and unlawful conduct intended to discriminate against the plaintiff, avoid the laws of the State of New Jersey, to avoid public scrutiny, and/or avoid tarnishing its/their reputation and image.

**WHEREFORE**, these defendant(s) are liable to plaintiff and plaintiff demands **PUNITIVE DAMAGES** and judgment outlined below against the defendant Costco, ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

A.  Reinstatement

B.  Compensatory damages;

C.  **Punitive damages;**

D.  Attorney's fees and costs;

E.  All other relief permitted by the New Jersey Law Against Discrimination;

F.  Together with interest and costs of suit.

### JURY DEMAND

The Plaintiff hereby demands trial by jury as to all issues.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE**, that pursuant to the Rules of Court, Walter Dana Venneman

is hereby designated as trial counsel of the within matter.

Dated:  September 24, 2020

> GILL & CHAMAS, LLC
> Attorneys for Plaintiff S.D.
>
> By:  _Walter Dana Ven_____
>      WALTER DANA VENNEMAN

## CERTIFICATION PURSUANT TO R. 4:5-1

I, WALTER DANA VENNEMAN, hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and a member of the firm of Gill & Chamas, LLC and, as such, am fully familiar with same.

2.      To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division of Somerset, other than the matters which have already been consolidated.  Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated at this time.

I do hereby certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  September 24, 2020

GILL & CHAMAS, LLC
Attorneys for Plaintiff, S.D.

By:      _Walter Dana Venneman_
        WALTER DANA VENNEMAN

# Civil Case Information Statement

**Case Details: SOMERSET | Civil Part Docket# L-001114-20**

**Case Caption:** D. S.  VS COSTCO WHOLESALE INC .,

**Case Initiation Date:** 09/25/2020

**Attorney Name:** W DANA VENNEMAN

**Firm Name:** GILL & CHAMAS LLC

**Address:** 655 FLORIDA GROVE RD P.O. BOX 760
WOODBRIDGE NJ 07095

**Phone:** 7323247600

**Name of Party:** PLAINTIFF : D., S.

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: S. D.?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/25/2020
Dated

/s/ W DANA VENNEMAN
Signed

# EXHIBIT B

**Gill & Chamas, L.L.C.**
*By: WALTER DANA VENNEMAN (#023901997)*
655 Florida Grove Road
P.O. Box 760
Woodbridge, New Jersey 07095
732-324-7600
732-324-7606 (fax)
*Attorneys for Plaintiff*

| | |
|---|---|
| **S.D.**<br><br>                    Plaintiffs,<br><br>    vs.<br><br>**COSTCO WHOLESALE, INC.; AND ABC CORPS (I --V); AND JANE AND JOHN DOE INDIVIDUALS (1 – 10)**<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SOMERSET COUNTY<br><br>DOCKET NO.: SOM-L-1114-20<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

The Plaintiff, S.D. residing in Warren, County of Somerset, State of New Jersey by way of his Complaint against the Defendants, states the following:

<u>**FIRST COUNT**</u>

1.      Plaintiff, S.D. is an individual residing in Warren, New Jersey.

2.      The defendant, Costco Wholesale, Inc., (hereinafter, "Costco") is a corporation authorized to do business in the State of New Jersey, with multiple locations within the State of New Jersey including the Costco store located at 1290 U.S. 22 #22E, North Plainfield, New Jersey, 07060, County of Somerset.

3.      On or about March 23, 2020, plaintiff S.D. filed an electronic application on defendant Costco's website to become employed.

4.      On or about March 23, 2020, defendant notified plaintiff, S.D. to appear for a hiring interview on March 26, 2020 at its 1290 U.S. 22 store.

5.      Plaintiff went to the interview on March 26, 2020.

6.      Defendant's representative, "Jason" conducted an interview, toured plaintiff, S.D. through the building, introduced him to a shift manager, and concluded the interview by telling plaintiff, S.D. that he was "perfect" for a specific position in the grocery department – a 3 am – late morning shift.

7.      Defendant's representative, "Jason" told plaintiff, S.D. that he would not be operating machinery, rather, general restocking and pushing carts.

8.      Other representatives of Defendant, then introduced themselves to plaintiff, S.D. and represented that he is "all set".

9.      Defendant's hiring manager/employer representative, "Jason" then directed plaintiff, S.D. to go back to the waiting area where he would submit to a drug test.

10.      Before following this instruction, plaintiff, S.D. disclosed to "Jason" that he was on a medication that might cause him to be "positive" and presented his current New Jersey Department of Health, Medicinal Marijuana Program (Patient) Identification Card (hereinafter, Medical Marijuana card).

11.      At the time of his application to Defendant, plaintiff, S.D. suffered from a medical disability and was a participant in the New Jersey Jake Honig Compassionate Use of Medical Cannabis Act.

12.      After presenting his Medical Marijuana card, "Jason" and two (2) other of defendant's hiring representatives then present, went offer separately to confer.

13.      Upon return, "Jason" told plaintiff, S.D. that in order to be hired he had to take the test, and that if he was "positive" he would not be hired.

14.     Defendant's representative "Jason" nevertheless encouraged plaintiff, S.D. to take the drug screen and said, "sometimes people passed".

15.     Plaintiff, S.D., very much wanting to become employed with Costco, submitted to defendant's drug screener and collector and provided a buccal swab.

16.     Defendant's representatives told plaintiff, S.D. that his sample was positive and that he would not be hired.

17.     Plaintiff exited defendant's store and returned several minutes later with a digital copy of the State of New Jersey Conscientious Use of Medical Cannabis Act (hereinafter "Jake Honig Act") and told defendant's representative that their decision was against the law.

18.     Defendant's hiring team, managers, and/or authorized representatives considered the Jake Honig Act in front of plaintiff, S.D., and then privately.

19.     Defendant's hiring team, managers, and/or authorized representative, then told plaintiff, S.D. that "there was another way" – and next directed plaintiff, S.D. to provide a urine sample at defendant's third-party laboratory and further advised plaintiff, S.D. that the "doctor is able to make the call" on whether to hire.

20.     On or about March 27, 2020, plaintiff, S.D. submitted to a urinalysis, subsequently contacted the lab, and a doctor at the lab told him only that he could not be hired due to Defendant Costco's policy.

21.     At no time did defendant Costco engage in any meaningful discussion with plaintiff, S.D. to determine whether his disability and participation in the Medical Marijuana program could be accommodated.

22.     One or more of Defendant's representatives failed to ensure that plaintiff, S.D.'s rights under the laws of the State of New Jersey were protected.

23.     Defendant Costco is and was an "employer" within the State of New Jersey and is and was required to abide by the state laws which prohibit adverse hiring determinations and work place discrimination, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

24.     The defendant Costco, as an employer within the State of New Jersey, was compelled to treat all potential employees, and employees, fairly, equally, without discrimination, and were required to obey and follow the laws of the State of New Jersey, including specifically those laws which prohibit discrimination in hiring and disability discrimination in the workplace, and those laws that require reasonable accommodations, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

25.     As a direct result of the unlawful actions of the defendant and its employees, violation of the laws of the State of New Jersey, such as but not limited to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq, plaintiff has been deprived of her salary, benefits, financial security, loss of enjoyment of work, suffered and continues to suffer compensatory and pecuniary damages and losses, emotional distress, anxiety, sleeplessness, humiliation, embarrassment, nervous anguish, mental and emotional upset, and has had his civil rights violated.

**WHEREFORE**, the plaintiff demands judgment against the defendant Costco, and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

A. Instatement;

B. Compensatory damages;

C. Punitive damages;

D. Attorney's fees and costs;

E. All other relief permitted by the New Jersey Law Against
   Discrimination;

F. Together with interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and incorporates herein the allegations of the First Count herein as
if set forth in full.

2.      The defendant Costco, as an employer within the State of New Jersey, was
compelled to uphold the public policies of the State of New Jersey, to understand and properly
apply the State's laws, including but not limited to the New Jersey Conscientious Use of Medical
Cannabis Act, codified at C. 24:6I-1 et seq. and to treat all potential employees with dignity and
respect, and without stigma.

3.      Even after plaintiff, S.D. showed Defendant Costco the Jake Honig Act, Defendant
Costco intentionally decided not to hire plaintiff, S.D. solely because of his participation in the
Medical Marijuana program.

4.      As a result of Defendant Costco's violation of public policy and law, plaintiff S.D.
was caused to suffer great embarrassment, emotional distress and stigma.

**WHEREFORE**, the plaintiff demands that defendant Costco in New Jersey be enjoined from continuing this unlawful, stigmatizing and discriminatory practice and for judgment against the defendants and ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative for PUNITIVE DAMAGES, compensatory damages, attorney's fees and costs, enjoinment of the discriminatory practice, costs of suit and any other equitable remedy

## THIRD COUNT

1.      Plaintiff repeats and incorporates herein the allegations of the First Count and Second Count as if set forth in full.

2.      Defendant Costco, and its supervisors, agents, and/or employees, did participate in, aid, abet, further, advance and/or conspire to engage in one or more of the discriminatory and unlawful practice(s) alleged in the first and second counts of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and other state laws as the facts may show.

3.      ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), did participate in, aid, abet, further, advance and/or conspire to engage in one or more of the discriminatory and unlawful practice(s) alleged in the first two counts of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and other state laws as the facts may show.

4.      Jane Doe and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) did participate in, aid, abet, further, advance and/or conspired to engage in one or more of the discriminatory practice(s) alleged in the first three counts of the complaint, and or other illegal acts as yet unknown and against the plaintiff and in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. and other state laws as the facts may show.

5.      Defendant Costco, as well as ABC Corps 1 – V, (said names of corporations being fictitious, correct names currently unknown to plaintiff),and Jane and John Doe Individuals (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) engaged in conspiratorial and unlawful conduct intended to discriminate against the plaintiff, avoid the laws of the State of New Jersey, to avoid public scrutiny, and/or avoid tarnishing its/their reputation and image.

**WHEREFORE**, these defendant(s) are liable to plaintiff and plaintiff demands **PUNITIVE DAMAGES** and judgment outlined below against the defendant Costco, ABC Corps I – V (said names of corporations being fictitious, correct names currently unknown to plaintiff), and Jane Doe and John Doe Individuals 1 – 10 (said full names of Jane Doe and John Doe Individuals being fictitious, correct names currently unknown to plaintiff) jointly, severally or in the alternative, for:

A.  Reinstatement

B.  Compensatory damages;

C.  **Punitive damages;**

D.  Attorney's fees and costs;

E.  All other relief permitted by the New Jersey Law Against Discrimination;

F.  Together with interest and costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury as to all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE**, that pursuant to the Rules of Court, Walter Dana Venneman is hereby designated as trial counsel of the within matter.

Dated:  September 24, 2020

GILL & CHAMAS, LLC
Attorneys for Plaintiff S.D.

By:  _____
WALTER DANA VENNEMAN

<u>**CERTIFICATION PURSUANT TO R. 4:5-1**</u>

I, WALTER DANA VENNEMAN, hereby certify as follows:

1.      I am an attorney at law of the State of New Jersey and a member of the firm of Gill & Chamas, LLC and, as such, am fully familiar with same.

2.      To the best of my knowledge, confirmation and belief, there is no other action pending about the subject matter of this Complaint in the Superior Court of New Jersey, Law Division of Somerset, other than the matters which have already been consolidated.  Additionally, there are no other persons known to me who should be added as parties to this matter, nor are there any other actions contemplated at this time.

I do hereby certify that the foregoing statements made by me are true to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  September 24, 2020

GILL & CHAMAS, LLC
Attorneys for Plaintiff, S.D.

By:     _walter Dana V____
          WALTER DANA VENNEMAN